UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01044-JLS-KES                        Date: June 11, 2020
Title: Eleanor Burke v. G-B-F Stanton et al.

Present:  **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

　Terry Guerrero　　　　　　　　　　　　　　　　N/A　　
　　Deputy Clerk　　　　　　　　　　　　　　Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

　　Not Present　　　　　　　　　　　　　　Not Present

**PROCEEDINGS:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE
                          SUPPLEMENTAL JURISDICTION**

        The Complaint filed in this action asserts a claim for injunctive relief arising out of
an alleged violation of the federal Americans with Disabilities Act and a claim for
damages pursuant to California's Unruh Act.  Accordingly, the Court ORDERS Plaintiff
to show cause why the Court should not decline to exercise supplemental jurisdiction
over Plaintiff's Unruh Act claim.  *See* 28 U.S.C. § 1367(c).

        "In 2012, in an attempt to deter baseless claims and vexatious litigation, California
adopted heightened pleading requirements for disability discrimination lawsuits under the
Unruh Act."  *Velez v. Il Fornaio (America) Corp.*, CV 3:18-1840 CAB (MDD), 2018 WL
6446169, at *6 (S.D. Cal. Dec. 10, 2018).  These heightened pleading requirements apply
to actions alleging a "construction-related accessibility claim," which California law
defines as "any civil claim in a civil action with respect to a place of public
accommodation, including but not limited to, a claim brought under Section 51, 54, 54.1,
or 55, based wholly or in part on an alleged violation of any construction-related
accessibility standard."  Cal. Civ. Code § 55.52(a)(1).

        Moreover, California imposes additional limitations on "high-frequency litigants,"
defined as:

        A plaintiff who has filed 10 or more complaints alleging a construction-
        related accessibility violation within the 12-month period immediately
        preceding the filing of the current complaint alleging a construction-related
        accessibility violation.

_____
**CIVIL MINUTES – GENERAL**                                               **1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01044-JLS-KES                                   Date: June 11, 2020
Title: Eleanor Burke v. G-B-F Stanton et al.

Cal. Civ. Proc. Code § 425.55(b)(1).  The definition of "high-frequency litigant" also extends to attorneys.  *See* Cal. Civ. Proc. Code § 425.55(b)(2).  "High frequency litigants" are subject to a special filing fee and further heightened pleading requirements. *See* Cal. Gov. Code § 70616.5; Cal. Civ. Proc. Code § 425.50(a)(4)(A).

By enacting restrictions on the filing of construction-related accessibility claims, California has expressed a desire to limit the financial burdens California's businesses may face for claims for statutory damages under the Unruh Act.  Plaintiffs who file these actions in federal court evade these limits and pursue state law damages in a manner inconsistent with the state law's requirements.

In an action over which a district court possesses original jurisdiction, that court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a). Even if supplemental jurisdiction exists, however, district courts have discretion to decline to exercise supplemental jurisdiction.  28 U.S.C. § 1367(c).  Such discretion may be exercised "[d]epending on a host of factors" including "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims."  *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997).

Accordingly, Plaintiff is ORDERED to show cause, in writing, no later than **ten (10) days** from the date of this Order, why the Court should not decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.  In so responding, Plaintiff is further ORDERED to:

(1)  identify the amount of statutory damages Plaintiff seeks to recover; and

(2)  provide declarations from Plaintiff and Plaintiff's counsel, signed under penalty of perjury, providing all facts necessary for the Court to determine if each is a "high-frequency litigant."

Failure to respond may, without further warning, result in dismissal of the entire action without prejudice.  Fed. R. Civ. P. 41(b) (stating that dismissal is warranted "[i]f the plaintiff fails to … comply with … a court order"); *see Link v. Wabash R. Co*., 370 U.S. 626, 629-33 (1962) (holding that while Rule 41(b) explicitly authorizes motions to

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01044-JLS-KES                          Date: June 11, 2020
Title: Eleanor Burke v. G-B-F Stanton et al.

dismiss by defendants, it also permits the district court to dismiss *sua sponte*); *see also Hells Canyon Pres. Council v. U.S. Forest Serv.,* 403 F.3d 683, 689 (9th Cir. 2005).

   Further, an inadequate response will result in the Court declining to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim and the dismissal of that claim pursuant to 28 U.S.C. § 1367(c).

                 Initials of Preparer:  tg

_____